FILED
DALLAS COUNTY
7/19/2016 8:36:42 AM
FELICIA PITRE
DISTRICT CLERK

1 CT-E-SERVE

DC-16-08651

Freeney Anita

**CAUSE NO.** _____

| | | |
|---|---|---|
| **GERALD TOMLIN ASID, INC.** | § | **IN THE DISTRICT COURT** |
| **D/B/A TOMLIN ANTIQUES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BERKLEY REGIONAL INSURANCE,** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | M-298TH ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Gerald Tomlin ASID, Inc. d/b/a Tomlin Antiques (hereinafter "Plaintiff"), and complains of Berkley Regional Insurance Company (hereinafter "Berkley Regional"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Dallas, in Dallas County, Texas.

**EXHIBIT B**

## PARTIES

3.      Plaintiff is an individual whose residence is located in Dallas, Dallas County,

Texas.

4.      Berkley Regional Insurance Company is a company engaged in the business of

adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the

present case.  Berkley Regional may be served with Citation and a copy of this Petition, by

serving it through its registered agent, CT Corporation, at its principal address, CT Corporation

at 1999 Bryan St., Ste. 900, Dallas TX 75201 -3136,  or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the

extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at

1415 Slocum Street #102, Dallas, Texas 75207, (the "Property").   In addition to seeking

economic and penalty based damages from Berkley Regional, Plaintiff also seeks compensation

from Berkley Regional for damages caused by improperly investigating the extensive losses

associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance

policy from Berkley Regional to cover the Property at issue in this case for a loss due to storm-

related events.   Plaintiff's Property suffered storm-related damage. Through its commercial

policy, BPK 2017707, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around June 9, 2015, the Property suffered incredible damage due to storm

related conditions.

EXHIBIT B

9.    In the aftermath, Plaintiff relied on Berkley Regional to help begin the rebuilding process.  By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion.  Moreover, its commercial policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Berkley Regional continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Berkley Regional has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Berkley Regional, as well as provided opportunities for Berkley Regional to inspect the Property.  However, Berkley Regional failed to conduct a fair investigation into the damage to the Property.  Moreover, Berkley Regional failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Berkley Regional's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Berkley Regional.  Further, Plaintiff made inquiries regarding the status of the losses, and payments.  Regardless, Berkley Regional failed and refused to respond to the inquiries, and failed to properly adjust the claim and the

EXHIBIT B

losses.  As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

15.     Berkley Regional has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Berkley Regional has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Berkley Regional did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Berkley Regional has further failed to affirm or deny coverage within a reasonable time.  Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Berkley Regional in a timely manner.

17.     Berkley Regional has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Berkley Regional that failed to conduct a reasonable investigation.  Ultimately, Berkley Regional performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Berkley Regional has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Berkley Regional.  Unfortunately, Plaintiff has, therefore, been

EXHIBIT B

forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20. In addition, Berkley Regional has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22. All acts by Berkley Regional were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Berkley Regional and/or were completed in its normal and routine course and scope of employment with Berkley Regional.

## CLAIMS AGAINST DEFENDANT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25. According to the policy that Plaintiff purchased, Berkley Regional had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

EXHIBIT B

26.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Berkley Regional has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

**B.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

28.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.     Berkley Regional's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Berkley Regional engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

b.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

c.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

30.     As a result of Berkley Regional's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and

EXHIBIT B

pursue these claims on its behalf.   Accordingly, Plaintiff also seeks to recover its costs and

reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas

Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of

the Texas Insurance Code and any other such damages to which Plaintiff may show [itself justly

entitled by law and in equity.

**C.**
**BREACH OF THE COMMON-LAW DUTY**
**OF GOOD FAITH AND FAIR DEALING**

31.     Plaintiff hereby incorporates by reference all facts and circumstances in the

foregoing paragraphs.

32.     By its acts, omissions, failures and conduct, Berkley Regional has breached its

common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately

adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing

to conduct a reasonable investigation to determine whether there was a reasonable basis for this

denial.

33.     Berkley Regional has also breached this duty by unreasonably delaying payment

of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Berkley Regional knew or

should have known that it was reasonably clear that Plaintiff's storm-related claims were

covered.   These acts, omissions, failures, and conduct by Berkley Regional is a proximate cause

of Plaintiff's damages.

**WAIVER AND ESTOPPEL**

34.     Plaintiff hereby incorporates by reference all facts and circumstances set forth

under the foregoing paragraphs.

**EXHIBIT B**

35.     Berkley Regional has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

36.     Berkley Regional's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

37.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.  This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

38.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

39.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Berkley Regional disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

        a.     Please produce Berkley Regional complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the

EXHIBIT B

subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.      Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.      Please produce the electronic diary, including the electronic and paper notes made by Berkley Regional claims personnel, contractors, and third party adjusters/ adjusting firms relating to the Plaintiff's claims.

e.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Berkley Regional intends to offer these items into evidence at trial.

## INTERROGATORIES

76.      Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.      Please identify any person Berkley Regional expects to call to testify at the time of trial.

b.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying

**EXHIBIT B**

event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

    c.    If Berkley Regional or Berkley Regional's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Berkley Regional or any of Berkley Regional's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Berkley Regional's investigation.

    e.    Please state the following concerning notice of claims and timing of payment:

        i.    The date and manner in which Berkley Regional received notice of the claim;

        ii.    The date and manner in which Berkley Regional acknowledged receipt of the  claim;

        iii.    The date and manner in which Berkley Regional commenced investigation of the claim;

        iv.    The date and manner in which Berkley Regional requested from the claimant all items, statements, and forms that Berkley Regional reasonably believed, at the time, would be required from the claimant; and

        v.    The date and manner in which Berkley Regional notified  t h e claimant in writing of the acceptance or rejection of the claim.

    f.    Please identify by date, amount and reason, the insurance proceed payments made by Berkley Regional, or on Berkley Regional's behalf, to the Plaintiff.

    g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

    h.    When was the date Berkley Regional anticipated litigation?

    i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Berkley Regional's document retention policy.

EXHIBIT B

j.    Does Berkley Regional contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

k.    Does Berkley Regional contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Berkley Regional contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

    i.    what performance measures are used; and
    ii.   describe Berkley Regional's bonus or incentive plan for adjusters.

## CONCLUSION

77.    Plaintiff prays that judgment be entered against Berkley Regional Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Berkley Regional Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

EXHIBIT B

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF

EXHIBIT B